**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| ALAN McARTHUR,<br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, INC., *et al.*,<br>Defendants. | Case No. 3:20-cv-00021-CDL |
| DENNIS DOE,<br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, INC., *et al.*,<br>Defendants. | Case No. 3:20-cv-00022-CDL |
| TIMOTHY DOE,<br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, INC., *et al.*,<br>Defendants. | Case No. 3:20-cv-00023-CDL |
| WILLIAM DOE,<br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, INC., *et al.*,<br>Defendants. | Case No. 3:20-cv-00024-CDL |
| JOHN DOE,<br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, INC., *et al.*,<br>Defendants. | Case No. 3:20-cv-00025-CDL |
| ROBERT DOE,<br>Plaintiff,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, INC., *et al.*,<br>Defendants. | Case No. 3:20-cv-00026-CDL |

**ORDER ON UNOPPOSED MOTION TO DISMISS**

The above-styled cases came before this Court on October 12, 2026, on the unopposed motion of defendants, Boy Scouts of America (the "BSA") and Northeast Georgia Council, Inc., Boy Scouts of America (the "Council") to dismiss the claims against them, with prejudice. Plaintiffs consent to the dismissal, subject to the terms of paragraph 15 of this Order.

Having reviewed the Proposed Order, the Court finds as follows:

1. On February 18, 2020 (the "Petition Date"), voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code were filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the BSA and Delaware BSA, LLC (Case No. 20-10343) (LSS) (Jointly Administered).

2. After the Petition date, the BSA removed the above-styled cases to this Court. By Order entered March 18, 2020,[1] the Court granted the Unopposed Motions to Remand filed by First Baptist Church of Athens, Green Acres Baptist Church, and Beech Haven Baptist Church (ECF No. 16 in 3:20-cv-21; ECF No. 15 in 3:20-cv-22; ECF No. 15 in 3:20-cv-23; ECF No. 15 in 3:20-cv-24; ECF No 15 in 3:20-cv-25; ECF No. 15 in 3:20-cv-26). Plaintiffs' claims for relief against the BSA and the Council, however, remain pending in this Court and have been stayed since the Petition Date. Plaintiffs, the BSA and the Council are the only remaining parties to the cases pending before this Court in these federal proceedings.

3. On September 6, 2022, the Bankruptcy Court entered an order (the "Confirmation Order"), confirming the Debtors' Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) (the "Plan"). *See,* D.I. 10296 10316. "The Plan provides for the global resolution of Abuse Claims against the Debtors, Related Non-Debtor Entities, Local Councils,

[1] ECF No. 17 in 3:20-cv-00021-CDL.

Contributing Chartered Organizations, Settling Insurance Companies, and their respective Representatives." Plan, p. 8.[2]

4. Plaintiffs' claims in the cases before this Court against the BSA and the Council are "Direct Abuse Claims" as defined by the Plan *See,* Plan, p. 26, ¶ 99; *see, also,* Plan, pp. 11-12, ¶ 18.

5. The BSA and the Council are "Protected Parties" under the Plan. Protect Parties include the Debtors, the Reorganized BSA,[3] the Related Non-Debtor Entities, and the Local Councils." Plan, p. 47, ¶ 236. The Council is a Protected Party because it is a "Local Council" as defined by the Plan. *See*, Plan, p. 297, Ex. G.

6. With respect to Protected Parties, the Plan includes a "Channeling Injunction." The Plan provides:

> (ii) As of the Effective Date, the Protected Parties' liability for all Direct Abuse Claims shall be assumed in full by the Settlement Trust without further act, deed, or court order and shall be satisfied solely from the Settlement Trust as set forth in the Settlement Trust Documents. Pursuant to the Channeling Injunction set forth in Article X.F, each holder of a Direct Abuse Claim shall have such holder's Direct Abuse Claim against the Protected Parties (and each of them) permanently channeled to the Settlement Trust, and such Direct Abuse Claim shall thereafter be asserted exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents. <u>Holders of Direct Abuse Claims shall be enjoined from prosecuting any outstanding, or filing any future, litigation, Claims, or Causes of Action arising out of or related to such Direct Abuse Claims against any of the Protected Parties and may not proceed in any manner against any of the Protected Parties in any forum whatsoever, including any state, federal, or non-U.S. court or any administrative or arbitral forum, and are required to pursue such Direct Abuse Claims solely against the Settlement Trust as provided in the Settlement Trust Documents</u>.

Plan, p. 70, ¶ 10.b (ii) (emphasis added).

---

[2] The Plan can be found on the Bankruptcy Court's docket at Case 20-10343-LSS Doc 10296. Page numbers herein refer to the numbers on the court's docket as opposed to the numbers on the Plan itself.

[3] The BSA is one of the Debtors and, after the Effective Date, became the Reorganized BSA.

7. Article X.F of the Plan further provides:

> [T]he sole recourse of any holder of an Abuse Claim against a Protected Party on account of such Abuse Claim shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Abuse Claim against any Protected Party or any property or interest in property of any Protected Party. . ." and that "on and after the Effective Date, all Persons that have held or asserted, currently hold or assert, or that may in the future hold or assert, any Abuse Claim against the Protected Parties,. . . shall be permanently and forever stayed, restrained and enjoined from taking any action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Protected Party with respect to any such Abuse Claim. . . including: a. commencing, conducting, or continuing, in any manner, whether directly, indirectly, or derivatively, any suit, action, or other proceeding of any kind (including a judicial, arbitration, administrative, or other proceeding) in any forum in any jurisdiction around the world against or affecting any Protected Party ..."

Plan, pp. 124-125 (emphasis added).

8. On March 28, 2023, the United States District Court for the District of Delaware affirmed the Confirmation Order. *See*, Case No. 22-1237 (RGA) (D. Del.), D.I. 151. Several entities, including many of the BSA's liability insurers and two groups of claimants, appealed the Confirmation Order. *See*, *Lujan Claimants v. Boy Scouts of Am*., Case No. 23-/664 (3d Cir. Apr. 10, 2023).

9. On April 19, 2023, the United States Court of Appeals for the Third Circuit denied all motions to stay the effectiveness of the Plan pending appeal. *See*, Case No. 23-1664 (3d Cir.), D.I. 27. The same day, April 19, 2023 (the "Effective Date"), the Plan became effective. *See,* Notice of Effective Date, Case No. 20-10343 (LSS) (Bankr. D. Del.), D.I. 11123-1.

10. On May 13, 2025, the United States Court of Appeals for the Third Circuit issued a decision that affirmed in part and reversed in part the lower courts' orders that confirmed the Plan. *See*, *In re: Boy Scouts of America*, No. 23-1664 (3d. Cir. May 13, 2025) (Dkt. 270). The Third

Circuit affirmed those provisions of the Plan that enjoin the prosecution of civil cases such as the cases before this Court.

11. On May 27, 2025, the Lujan Claimants, one of the appellants in the Third Circuit, filed a Petition for Rehearing before the original Third Circuit panel and the court *en banc* (Dkt. 271). That motion was denied on June 13, 2025. (Dkt. 272). Ten days later, on June 23, the Third Circuit issued its final mandate. (Dkt. 273).

12. The Lujan Claimants filed a Petition for a Writ of *Certiorari* to the United States Supreme Court on October 14, 2025. The Supreme Court denied *certiorari* on January 12, 2026. The appellants had 25 days to file a petition for rehearing. No petition for rehearing was filed, and the Plan is now final.

13. Based upon the injunctions and other provisions of the Plan, Plaintiffs' claims against the BSA and the Council in this Court must be dismissed with prejudice. Plaintiffs' sole remedy with respect to all of Plaintiffs' claims against the BSA and the Council is to seek compensation from the Settlement Trust, which Plaintiffs have done.

14. For the foregoing reasons, Plaintiffs' claims against the BSA and the Council, which are the only defendants remaining before this Court, are DISMISSED WITH PREJUDICE, subject to paragraph 15 below. Only Plaintiffs' claims against the BSA and the Council are dismissed.

15. Plaintiffs shall be permitted to use confidential documents obtained from the Settlement Trust's document portal or from other related litigation in their pending actions against Green Acres Baptist Church, Beech Haven Baptist Church, and the Estates of Ernest Boland and Fleming Weaver (the "Church Cases"), provided that such documents are treated as confidential in accordance with the existing protective order and/or confidentiality agreement governing the Church Cases.

16. Plaintiffs' claims in the Church Cases are not before this Court. Accordingly, this Order does not dismiss, release, adjudicate, or otherwise impair Plaintiffs' claims pending in state court against Green Acres Baptist Church, Beech Haven Baptist Church, or the personal representatives of the Estates of Ernest Boland and R. Fleming Weaver, Jr. This Order makes no determination concerning the merits of those claims, the liability of those defendants, or their status under the Plan. Plaintiffs' consent is limited to dismissal of the BSA and the Council on the terms expressly stated herein. Nothing in this Order expands or modifies any release, injunction, or protection independently arising under the Plan or Confirmation Order.

SO ORDERED this 15th day of October, 2026.

S/Clay D. Land
HON. CLAY D. LAND, Judge

Presented by:

*/s/ R. Matthew Martin*
R. Matthew Martin, Esq.
Georgia Bar No. 473450

DENTONS US LLP
303 Peachtree Street, NE. Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198
Email: matt.martin@dentons.com

*Attorneys for Defendant Boy Scouts of America and*
*Northeast Georgia Council, Inc., Boy Scouts of America*